# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| BROADCAST MUSIC, INC.; BOCEPHUS MUSIC, INC.; SONY/ATV SONGS LLC d/b/a SONY/ATV ACUFF ROSE MUSIC; HOUSE OF CASH, INC.; UNICHAPPELL MUSIC, INC.; SONY/ATV SONGS LLC d/b/a SONY/ATV TREE PUBLISHING; WARNER-TAMERLANE PUBLISHING CORP.; ELEKSYLUM MUSIC, INC.; NO SURRENDER MUSIC, a division of PRAXIS INTERNATIONAL COMMUNICATIONS INC.; INTERIOR MUSIC CORP.; UNIVERSAL-SONGS OF POLYGRAM INTERNATIONAL, INC.; SONGS OF UNIVERSAL, INC.; GIBB BROTHERS MUSIC; CROMPTON SONGS; COTA MUSIC INC.; POWER METAL MUSIC, INC.; BMG PLATINUM SONGS (US), ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Plaintiffs, ) | CIVIL ACTION NO.: 16-cv-244 |
| ) | |
| v. ) | |
| ) | |
| BB ENTERPRISES OF FRENCH SETTLEMENT d/b/a MOONLIGHT INN and DAVID BELL and LORETTA BRADLEY, each individually, ) ) ) ) | |
| Defendants. ) | |

## COMPLAINT

Plaintiffs, by their attorneys, for their Complaint against Defendants, allege as follows (on knowledge as to Plaintiffs; otherwise on information and belief):

## JURISDICTION AND VENUE

1. This is a suit for copyright infringement under the United States Copyright Act of 1976, as amended, 17 U.S.C. Sections 101 et seq. (the "Copyright Act"). This Court has jurisdiction pursuant to 28 U.S.C. Section 1338(a).

2. Venue is proper in this judicial district pursuant to 28 U.S.C. Section 1400(a).

## THE PARTIES

3. Plaintiff Broadcast Music, Inc. ("BMI"), is a corporation organized and existing under the laws of the State of New York. BMI's principal place of business is 7 World Trade Center, 250 Greenwich Street, New York, New York 10007. BMI has been granted the right to license the public performance rights in approximately 10.5 million copyrighted musical compositions (the "BMI Repertoire"), including those which are alleged herein to have been infringed.

4. The Plaintiffs other than BMI are the owners of the copyrights in the musical compositions, which are the subject of this lawsuit. All Plaintiffs are joined pursuant to Fed. R. Civ. P. 17(a) and 19(a).

5. Plaintiff Bocephus Music, Inc. is a corporation. This Plaintiff is the copyright owner of at least one of the songs in this matter.

6. Plaintiff Sony/ATV Songs LLC is a limited liability company doing business as Sony/ATV Acuff Rose Music. This Plaintiff is the copyright owner of at least one of the songs in this matter.

7. Plaintiff House of Cash, Inc. is a corporation. This Plaintiff is the copyright owner of at least one of the songs in this matter.

8. Plaintiff Unichappell Music Inc. is a corporation. This Plaintiff is the copyright owner of at least one of the songs in this matter.

9. Plaintiff Sony/ATV Songs LLC is a limited liability company doing business as Sony/ATV Tree Publishing. This Plaintiff is the copyright owner of at least one of the songs in this matter.

10. Plaintiff Warner-Tamerlane Publishing Corp. is a corporation. This Plaintiff is the

2

copyright owner of at least one of the songs in this matter.

11. Plaintiff Eleksylum Music, Inc. is a corporation. This Plaintiff is the copyright owner of at least one of the songs in this matter.

12. Plaintiff No Surrender Music is a division of Praxis International Communications, Inc. which in turn is a corporation. This Plaintiff is the copyright owner of at least one of the songs in this matter.

13. Plaintiff Interior Music Corp. is a corporation. This Plaintiff is the copyright owner of at least one of the songs in this matter.

14. Plaintiff Universal-Songs of Polygram International, Inc. is a corporation. This Plaintiff is the copyright owner of at least one of the songs in this matter.

15. Plaintiff Songs of Universal, Inc. is a corporation. This Plaintiff is the copyright owner of at least one of the songs in this matter.

16. Plaintiff Gibb Brothers Music is a partnership owned by the Estate of Maurice Ernest Gibb and the Estate of Robin Gibb. This Plaintiff is the copyright owner of at least one of the songs in this matter.

17. Plaintiff Crompton Songs is a sole proprietorship owned by Barry Alan Gibb. This Plaintiff is the copyright owner of at least one of the songs in this matter.

18. Plaintiff Cota Music Inc. is a corporation. This Plaintiff is the copyright owner of at least one of the songs in this matter.

19. Plaintiff Power Metal Music, Inc. is a corporation. This Plaintiff is the copyright owner of at least one of the songs in this matter.

20. Plaintiff BMG Platinum Songs (US) is a corporation. This Plaintiff is the copyright owner of at least one of the songs in this matter.

21. Defendant BB Enterprises of French Settlement is a partnership organized and existing under the laws of the State of Louisiana which is owned by Defendant David Bell and Defendant Loretta Bradley.

22. Upon information and belief, Defendant BB Enterprises of French Settlement operates, maintains and controls an establishment known as Moonlight Inn, located at 16757 Highway 42, French Settlement, Louisiana 70733, in this district (the "Establishment").

23. In connection with the operation of the Establishment, Defendant BB Enterprises of French Settlement publicly performs musical compositions and/or causes musical compositions to be publicly performed.

24. Defendant BB Enterprises of French Settlement has a direct financial interest in the Establishment.

25. Defendant David Bell is a partner of Defendant BB Enterprises of French Settlement with responsibility for the operation and management of that partnership and the Establishment.

26. Defendant David Bell has the right and ability to supervise the activities of Defendant BB Enterprises of French Settlement and a direct financial interest in that partnership and the Establishment.

27. Defendant Loretta Bradley is a partner of Defendant BB Enterprises of French Settlement with responsibility for the operation and management of that partnership and the Establishment.

28. Defendant Loretta Bradley has the right and ability to supervise the activities of Defendant BB Enterprises of French Settlement and a direct financial interest in that partnership and the Establishment.

CLAIMS OF COPYRIGHT INFRINGEMENT

29. Plaintiffs repeat and reallege each of the allegations contained in paragraphs 1 through 28.

30. Since June 2013, BMI has reached out to Defendants over fifty times, by phone, in-person visits and mail, in an effort to educate Defendants as to their obligations under the Copyright Act with respect to the necessity of purchasing a license for the public performance of musical compositions in the BMI repertoire. Included in the letters were Cease and Desist Notices, providing Defendants with formal notice that they must immediately cease all use of BMI-licensed music in the Establishment.

31. Plaintiffs allege sixteen (16) claims of copyright infringement, based upon Defendants' unauthorized public performance of musical compositions from the BMI Repertoire. All of the claims for copyright infringement joined in this Complaint are governed by the same legal rules and involve similar facts. Joinder of these claims will promote the convenient administration of justice and will avoid a multiplicity of separate, similar actions against Defendants.

32. Annexed to this Complaint as a schedule (the "Schedule") and incorporated herein is a list identifying some of the many musical compositions whose copyrights were infringed by Defendants. The Schedule contains information on the sixteen (16) claims of copyright infringement at issue in this action. Each numbered claim has the following eight lines of information (all references to "Lines" are lines on the Schedule): Line 1 providing the claim number; Line 2 listing the title of the musical composition related to that claim; Line 3 identifying the writer(s) of the musical composition; Line 4 identifying the publisher(s) of the musical composition and the plaintiff(s) in this action pursuing the claim at issue; Line 5 providing the date

on which the copyright registration was issued for the musical composition; Line 6 indicating the copyright registration number(s) for the musical composition; Line 7 showing the date(s) of infringement; and Line 8 identifying the establishment where the infringement occurred.

33. For each work identified on the Schedule, the person(s) named on Line 3 was the creator of that musical composition.

34. For each work identified on the Schedule, on or about the date(s) indicated on Line 5, the publisher(s) named on Line 4 (including any predecessors in interest), complied in all respects with the requirements of the Copyright Act and received from the Register of Copyrights Certificates of Registration bearing the number(s) listed on Line 6.

35. For each work identified on the Schedule, on the date(s) listed on Line 7, Plaintiff BMI was (and still is) the licensor of the public performance rights in the musical composition identified on Line 2. For each work identified on the Schedule, on the date(s) listed on Line 7, the Plaintiff(s) listed on Line 4 was (and still is) the owner of the copyright in the respective musical composition listed on Line 2.

36. For each work identified on the Schedule, on the date(s) listed on Line 7, Defendants publicly performed and/or caused to be publicly performed at the Establishment the musical composition identified on Line 2 without a license or permission to do so. Thus, Defendants have committed copyright infringement.

37. The specific acts of copyright infringement alleged in the Complaint, as well as Defendants' entire course of conduct, have caused and are causing Plaintiffs great and incalculable damage. By continuing to provide unauthorized public performances of works in the BMI Repertoire at the Establishment, Defendants threaten to continue committing copyright infringement. Unless this Court restrains Defendants from committing further acts of copyright

infringement, Plaintiffs will suffer irreparable injury for which they have no adequate remedy at law.

WHEREFORE, Plaintiffs pray that:

(I) Defendants, their agents, servants, employees, and all persons acting under their permission and authority, be enjoined and restrained from infringing, in any manner, the copyrighted musical compositions licensed by BMI, pursuant to 17 U.S.C. Section 502;

(II) Defendants be ordered to pay statutory damages, pursuant to 17 U.S.C. Section 504(c);

(III) Defendants be ordered to pay costs, including a reasonable attorney's fee, pursuant to 17 U.S.C. Section 505; and

(IV) Plaintiffs have such other and further relief as is just and equitable.

Dated: April 15, 2016

Respectfully submitted:

*/s/Mark A. Balkin*
Mark A. Balkin (LA Bar # 24952)
Joseph C. Chautin, III (LA Bar # 24995)
Hardy, Carey, Chautin & Balkin, LLP
1080 West Causeway Approach
Mandeville, Louisiana 70471
(985) 629-0777
mbalkin@hardycarey.com

*Attorneys for Plaintiffs*

4815-7527-2240, v. 1

# Schedule

| | | |
|---|---|---|
| Line 1 | Claim No. | 1 |
| Line 2 | Musical Composition | Country Boy Can Survive a/k/a  A Country Boy Can Survive |
| Line 3 | Writer(s) | Hank Williams, Jr. |
| Line 4 | Publisher Plaintiff(s) | Bocephus Music, Inc. |
| Line 5 | Date(s) of Registration | 7/20/81 |
| Line 6 | Registration No(s). | PAu 316-103 |
| Line 7 | Date(s) of Infringement | 8/29/14 |
| Line 8 | Place of Infringement | Moonlight Inn |

| | | |
|---|---|---|
| Line 1 | Claim No. | 2 |
| Line 2 | Musical Composition | Elvira |
| Line 3 | Writer(s) | Dallas Frazier |
| Line 4 | Publisher Plaintiff(s) | Sony/ATV Songs LLC d/b/a Sony/ATV Acuff Rose Music |
| Line 5 | Date(s) of Registration | 9/16/65 |
| Line 6 | Registration No(s). | Ep 207265 |
| Line 7 | Date(s) of Infringement | 8/29/14 |
| Line 8 | Place of Infringement | Moonlight Inn |

| | | |
|---|---|---|
| Line 1 | Claim No. | 3 |
| Line 2 | Musical Composition | Folsom Prison a/k/a Folsom Prison Blues |
| Line 3 | Writer(s) | John R. Cash a/k/a Johnny Cash |
| Line 4 | Publisher Plaintiff(s) | House of Cash, Inc. |
| Line 5 | Date(s) of Registration | 2/13/84    1/13/83    9/14/56    11/30/55 |
| Line 6 | Registration No(s). | RE 196-295    RE 153-380    Ep 102326    EU 418371 |
| Line 7 | Date(s) of Infringement | 8/29/14 |
| Line 8 | Place of Infringement | Moonlight Inn |

| | | |
|---|---|---|
| Line 1 | Claim No. | 4 |
| Line 2 | Musical Composition | Harper Valley P.T.A. |
| Line 3 | Writer(s) | Tom T. Hall |
| Line 4 | Publisher Plaintiff(s) | Unichappell Music Inc. |
| Line 5 | Date(s) of Registration | 12/26/67    2/1/71 |
| Line 6 | Registration No(s). | Eu 30104    Ep 281825 |
| Line 7 | Date(s) of Infringement | 8/29/14 |
| Line 8 | Place of Infringement | Moonlight Inn |

| | | |
|---|---|---|
| Line 1 | Claim No. | 5 |
| Line 2 | Musical Composition | I Think I'll Just Stay Here And Drink |
| Line 3 | Writer(s) | Merle Haggard |
| Line 4 | Publisher Plaintiff(s) | Sony/ATV Songs LLC d/b/a Sony/ATV Tree Publishing |
| Line 5 | Date(s) of Registration | 1/5/81 |
| Line 6 | Registration No(s). | PA 90-525 |
| Line 7 | Date(s) of Infringement | 8/29/14 |
| Line 8 | Place of Infringement | Moonlight Inn |

| | | |
|---|---|---|
| Line 1 | Claim No. | 6 |
| Line 2 | Musical Composition | Keep Your Hands To Yourself |
| Line 3 | Writer(s) | Dan Baird |
| Line 4 | Publisher Plaintiff(s) | Warner-Tamerlane Publishing Corp.; Eleksylum Music, Inc.; No Surrender Music, a division of Praxis International Communications, Inc. |
| Line 5 | Date(s) of Registration | 10/15/86 |
| Line 6 | Registration No(s). | PA 304-742 |
| Line 7 | Date(s) of Infringement | 8/29/14 |
| Line 8 | Place of Infringement | Moonlight Inn |

| | | |
|---|---|---|
| Line 1 | Claim No. | 7 |
| Line 2 | Musical Composition | Lean On Me |
| Line 3 | Writer(s) | William H. Withers a/k/a Bill Withers |
| Line 4 | Publisher Plaintiff(s) | Interior Music Corp. |
| Line 5 | Date(s) of Registration | 3/29/72   7/17/72 |
| Line 6 | Registration No(s). | Eu 319523   Ep 304954 |
| Line 7 | Date(s) of Infringement | 8/29/14 |
| Line 8 | Place of Infringement | Moonlight Inn |

| | | |
|---|---|---|
| Line 1 | Claim No. | 8 |
| Line 2 | Musical Composition | Mama Tried |
| Line 3 | Writer(s) | Merle Haggard |
| Line 4 | Publisher Plaintiff(s) | Sony/ATV Songs LLC d/b/a Sony/ATV Tree Publishing |
| Line 5 | Date(s) of Registration | 6/14/68    6/2/69 |
| Line 6 | Registration No(s). | Eu 58456    Ep 259181*    *As Part of 'The Merle Haggard Song Album' |
| Line 7 | Date(s) of Infringement | 8/29/14 |
| Line 8 | Place of Infringement | Moonlight Inn |

| | | |
|---|---|---|
| Line 1 | Claim No. | 9 |
| Line 2 | Musical Composition | Ramblin' Man |
| Line 3 | Writer(s) | Hank Williams |
| Line 4 | Publisher Plaintiff(s) | Sony/ATV Songs LLC d/b/a Sony/ATV Acuff Rose Music |
| Line 5 | Date(s) of Registration | 7/3/79 |
| Line 6 | Registration No(s). | RE 29-561 |
| Line 7 | Date(s) of Infringement | 8/29/14 |
| Line 8 | Place of Infringement | Moonlight Inn |

| | | |
|---|---|---|
| Line 1 | Claim No. | 10 |
| Line 2 | Musical Composition | Rocket Man |
| Line 3 | Writer(s) | Elton John; Bernie Taupin |
| Line 4 | Publisher Plaintiff(s) | Universal - Songs of Polygram International, Inc. |
| Line 5 | Date(s) of Registration | 5/8/72 |
| Line 6 | Registration No(s). | Efo 156255 |
| Line 7 | Date(s) of Infringement | 8/29/14 |
| Line 8 | Place of Infringement | Moonlight Inn |

| | | |
|---|---|---|
| Line 1 | Claim No. | 11 |
| Line 2 | Musical Composition | Satin Sheets |
| Line 3 | Writer(s) | John E. Volinkaty |
| Line 4 | Publisher Plaintiff(s) | Songs Of Universal, Inc. |
| Line 5 | Date(s) of Registration | 7/11/72   5/21/73 |
| Line 6 | Registration No(s). | Eu 342649   Ep 311995 |
| Line 7 | Date(s) of Infringement | 8/29/14 |
| Line 8 | Place of Infringement | Moonlight Inn |

| | | |
|---|---|---|
| Line 1 | Claim No. | 12 |
| Line 2 | Musical Composition | Someday When Things Are Good |
| Line 3 | Writer(s) | Leona Williams; Merle Haggard |
| Line 4 | Publisher Plaintiff(s) | Sony/ATV Songs LLC d/b/a Sony/ATV Tree Publlishing |
| Line 5 | Date(s) of Registration | 9/2/83            12/27/83 |
| Line 6 | Registration No(s). | PA 182-565        PA 203-843 |
| Line 7 | Date(s) of Infringement | 8/29/14 |
| Line 8 | Place of Infringement | Moonlight Inn |

| | | |
|---|---|---|
| Line 1 | Claim No. | 13 |
| Line 2 | Musical Composition | Sweet Dreams Of You AKA Sweet Dreams |
| Line 3 | Writer(s) | Don Gibson |
| Line 4 | Publisher Plaintiff(s) | Sony/ATV Songs LLC d/b/a Sony/ATV Acuff Rose Music |
| Line 5 | Date(s) of Registration | 1/6/83      12/30/55 |
| Line 6 | Registration No(s). | RE 155-468      Ep 95678 |
| Line 7 | Date(s) of Infringement | 8/29/14 |
| Line 8 | Place of Infringement | Moonlight Inn |

| | | |
|---|---|---|
| Line 1 | Claim No. | 14 |
| Line 2 | Musical Composition | To Love Somebody |
| Line 3 | Writer(s) | Barry Gibb; Robin Gibb |
| Line 4 | Publisher Plaintiff(s) | Estate of Maurice Ernest Gibb and the Estate of Robin Gibb d/b/a Gibb Brothers Music; Barry Alan Gibb, an individual d/b/a Crompton Songs |
| Line 5 | Date(s) of Registration | 7/24/67   12/3/75 |
| Line 6 | Registration No(s). | Eu 5936   Ep 351143 |
| Line 7 | Date(s) of Infringement | 8/29/14 |
| Line 8 | Place of Infringement | Moonlight Inn |

| Line 1 | Claim No. | 15 |
|---|---|---|
| Line 2 | Musical Composition | Walk |
| Line 3 | Writer(s) | Vincent Paul Abbott; Darrell Lance Abbott; Rex Robert Brown; Philip Hansen Anselmo |
| Line 4 | Publisher Plaintiff(s) | Cota Music Inc.; Power Metal Music, Inc. |
| Line 5 | Date(s) of Registration | 7/13/92 |
| Line 6 | Registration No(s). | PA 577-737 |
| Line 7 | Date(s) of Infringement | 8/29/14 |
| Line 8 | Place of Infringement | Moonlight Inn |

| Line 1 | Claim No. | 16 |
|---|---|---|
| Line 2 | Musical Composition | Glycerine |
| Line 3 | Writer(s) | Gavin Rossdale |
| Line 4 | Publisher Plaintiff(s) | BMG Platinum Songs (US) |
| Line 5 | Date(s) of Registration | 4/14/1997 |
| Line 6 | Registration No(s). | PA 847-582 |
| Line 7 | Date(s) of Infringement | 8/29/14 |
| Line 8 | Place of Infringement | Moonlight Inn |